**ORDERED.**

Dated: February 09, 2026

_____
Tiffany P. Geyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Ricardo Castillo Molina,　　　　　　　　　Case No. 6:25-bk-01438-TPG
　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　　Debtor.
_____/

**MEMORANDUM OPINION SUSTAINING
OBJECTION TO SUBCHAPTER V ELIGIBILITY**

The Debtor, Ricardo Castillo Molina, filed a Chapter 11 Subchapter V case on March 14, 2025. Two judgment creditors, Guilherme Lopes De Sousa ("Lopes") and Lopes Law, PLLC ("Lopes Law") (collectively, the "Creditors") timely[1] objected to the Debtor's eligibility for Subchapter V because the amount of their final judgment, $4,161,604, exceeds the $3,024,725 Subchapter V debt limit[2] in effect on the petition date.[3] (Doc. No. 46.) The Debtor filed a

---

[1] Fed. R. Bank. P. 1020(b).
[2] 11 U.S.C. § 101(51D)(A).
[3] When Subchapter V was enacted under the Small Business Reorganization Act of 2019, the debt limit was $2,725,625. 11 U.S.C. § 1182(1)(A) (2019). Due to the Covid-19 pandemic, Congress temporarily raised the debt limit to $7.5 million. Joy Kleisinger, *The Expiration of the Increased Subchapter V Debt Limit and Its Impact on Small Business Debtors*, Am. Bankr. Inst. J., March 2024, at 8, 8. The $7.5 million debt limit expired on June 21, 2024. *Id.*

response arguing that because the Creditors "are affiliates, statutory insiders, and non-statutory insiders of the Debtor," the judgment, which is on appeal, is excluded from the § 101(51D)[4] calculation. (Doc. No. 71.) The Creditors filed a reply (Doc. No. 81) disputing any type of affiliate or insider relationship with the Debtor. The Debtor filed a sur-reply (Doc. No. 126) arguing the Creditors are insiders based on their close, multi-year business relationships with the Debtor.

On October 9, 2025, the Court advised the parties it would sustain the objection (Doc. No. 151), with an order to follow (Doc. No. 158, as amended by Doc. No. 162). This Memorandum Opinion further memorializes the Court's ruling.

### I.     BACKGROUND AND PROCEDURAL HISTORY

Molina and the Creditors do not agree on all the background facts but do not dispute that Molina was CEO and manager of Imigre Facil, LLC ("Imigre Facil"), a digital marketing company for professional immigration services. (Doc. No. 81 ¶ 11; Doc. No. 81-2 at 14, 15.) Molina is not an attorney and Imigre Facil does not provide legal services. (Doc. No. 81-1 ¶¶ 9, 13.) Lopes is an attorney and has a New York based law firm, Lopes Law, with an office in Orlando, Florida. (*Id.* ¶ 6.). Molina is not a member of Lopes Law. (Doc. No. 81-2 at 60.)

Imigre Facil's website directed potential immigration clients to the Creditors, promoting their legal services on a YouTube channel from April 2022 to March 15, 2023. (Doc. No. 81-1 ¶ 12.) Molina and Lopes were the sole members of Imigre Facil (*id.* at ¶ 2), but their precise ownership percentages are uncertain (Doc. No. 81-4 at 8 n.3).

---

[4] All references to the Bankruptcy Code refer to Title 11 of the United States Code. Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Molina claims Lopes served as attorney for his various business interests, expressed an interest in practicing immigration law, and proposed a corporate structure and profit-sharing arrangement. (Doc. No. 71 ¶¶ 10, 11, 12, 13.) Molina describes their business relationship as a joint venture involving Imigre Facile and several entities affiliated with Lopes. (Doc. No. 81-2 at 58-59, 63.) The Creditors dispute the existence of any attorney-client relationship or joint venture and note Molina so stipulated in a lawsuit between them, discussed below. (Doc. No. 81 at 1-2.) Molina and the Creditors had no formal business agreement in writing. (Doc. No. 81-2 at 68.)

The working relationship between Molina and Lopes eventually deteriorated and became adversarial. The Creditors filed a state court action[5] against Molina and Imigre Facil seeking monetary relief and Molina's expulsion and disassociation from Imigre Facile. (*See* Doc. Nos. 81-3, 81-4.) Lopes claimed Molina failed to act with good faith, fairness, and loyalty towards Imigre Facile and failed to protect Imigre Facil's and Lopes's financial interests and exploited their proprietary interests. (*See* Doc. No. 81-4 at 6.) The Creditors argued Molina unjustly enriched himself at their expense, defamed them, and intentionally and unjustifiably interfered with business relations between Lopes Law and Imigre Facil. (*See* Doc. No. 81-3 at 4-5, 7-8.)

Following a six-day jury trial, on January 28, 2025, the state court entered a final judgment against Molina for money damages, awarding $186,000 to Lopes on his unjust enrichment claim, and awarding $3,975,604 to Lopes Law, allocated as follows: $3,696,604 for tortious interference, $264,000 for unjust enrichment, and $15,000 for breach of contract. (Doc. No. 81-4.) The Creditors did not prevail on certain other claims against Molina, including those for defamation and fraudulent inducement. (*Id.* ¶¶ 5-7.)

---

[5] The Creditors filed Case No. 2023-CA-002731-ON, in the Circuit Court of the Ninth Judicial Circuit, Osceola County, Florida, which handles complex business cases. (Doc. No. 81-4.)

Additionally, the state court disassociated and expelled Molina from Imigre Facil, ending his involvement in the company:

> Judgment is entered in favor of Plaintiff, Guilherme Lopes de Sousa, and against Defendant, Ricardo Castillo Molina, on Lopes' claim for dissociation as pled in Count I of the Amended Complaint. Pursuant to Sections 605.0601, 605.0602 and 605.0603, Fla. Stat., Defendant, Ricardo Castillo Molina, is judicially dissociated and expelled as a member of Imigre Facil, LLC, and shall no longer participate in the management and conduct of Imigre Facil, LLC's activities and affairs.

(*Id.* ¶ 4.)

Molina appealed the judgment (Doc. No. 48 ¶ 3; Doc. No. 71 ¶ 6) and claims it "is not final and may be reversed or modified" (Doc. No. 50 at 2 n.1). This Court granted stay relief to Molina to permit his appeal to continue (Doc. Nos. 48, 129) and to the Creditors to effectuate aspects of the judgment and defend against the appeal. (Doc. Nos. 33, 127.)

A little less than two months after the entry of the judgment, Molina filed this Chapter 11 Subchapter V case, estimating his liabilities at between $1 million and $10 million. (Doc. No. 1 at 6.) He included Lopes's $186,000 claim as an unsecured claim not held by an insider. (*Id.* at 9.) However, notwithstanding that Lopes Law's $3,975,604 claim was awarded by the same judgment awarding Lopes's $186,000 claim, Molina listed Lopes Law's claim as "unknown" and contingent, unliquidated, and disputed. (*Id.*) Subsequently, on April 7, 2025, Molina filed his Schedule E/F, this time listing both Creditors' claims in "unknown" amounts and characterizing them as contingent, unliquidated, and disputed. (Doc. No. 25 at 18-19.)

The Creditors timely filed their objection to Molina's Subchapter V designation on April 18, 2025 (Doc. No. 46), before Molina's § 341 meeting concluded,[6] arguing their $4,161,604

---

[6] Molina's § 341 meeting concluded on May 20, 2025.

4

judgment places Molina over the $3,024,725 Subchapter V debt limit. In addition, they dispute having any insider or affiliate status with Molina.

## II.     LAW AND ANALYSIS

To review the Creditors' challenge to Molina's Subchapter V eligibility, the Court must first determine at which point in time a debtor's circumstances are evaluated. Then, the Court reviews which party bears the burden of demonstrating eligibility and what that burden is. Finally, the Court decides whether it is limited to considering the Debtor's schedules in reviewing the objection to eligibility and whether any debts are excluded from the calculation.

### A.  Eligibility must be evaluated by the circumstances existing on the petition date.

If Subchapter V eligibility is questioned, then the facts and circumstances surrounding a debtor's eligibility must be evaluated as they existed on the petition date. *In re Carter*, No. 23-54816-JWC, 2023 WL 9103614, at *3 & n.4 (Bankr. N.D. Ga. Dec. 13, 2023) (determining affiliate status on petition date in deciding debtor's Subchapter V eligibility); *In re Free Speech Sys., LLC*, 649 B.R. 729, 733 (Bankr. S.D. Tex. 2023) (same); *In re King*, 664 B.R. 356, 365 (B.A.P. 9th Cir. 2024) (evaluating alleged debtor's relationship with creditors on the petition date in an involuntary case).[7] Some facts are easily ascertainable on the petition date, for example, the amount of a liquidated claim, while other circumstances may be more nuanced, for example, whether a creditor is an insider to the debtor.

---

[7] The Court's evaluation of the Creditors' possible insider status to Molina must focus on the relationship as it existed on the petition date because that is the time relevant to assessing the Creditor's eligibility objection. However, insider status may be evaluated at different times for different purposes. *See, e.g., Anstine v. Carl Zeiss Meditec AG (In re U.S. Med., Inc.)*, 531 F.3d 1272, 1280 (10th Cir. 2008) (determining insider status at time of transaction for purposes of avoiding transaction under § 547(b)(4)(B)); *In re Rexford Props., LLC*, 557 B.R. 788, 795 (Bankr. C.D. Cal. 2016) (determining insider status at time of voting on plan to discern whether at least one class of claims of non-insiders supports the plan).

Pursuant to Rule 1020(b), a bankruptcy case proceeds according to the debtor's statement of election on the petition "unless and until the court enters an order finding that the debtor's statement is incorrect." Rule 1020(b) allows parties to challenge the debtor's statement of election no later than 30 days after the 341 meeting of creditors, or within 30 days after any amendment to the statement, whichever is later. *In re Free Speech Sys., LLC*, 649 B.R. at 733. Here, the Creditors timely objected to Molina's eligibility for proceeding under Subchapter V before the 341 meeting concluded.

### B. When a creditor objects to a debtor's Subchapter V eligibility, the debtor must demonstrate eligibility by a preponderance of the evidence.

Subchapter V is limited to small business debtors. 11 U.S.C. § 1182(1). To qualify, and as limited to the disputed issues here, a debtor's total noncontingent liquidated debts on the petition date must not exceed $3,024,725. 11 U.S.C. §§ 1182(1), 101(51D)(A). Unliquidated or contingent obligations are excluded from the $3,024,725 limit, as are debts owed to "affiliates or insiders." 11 U.S.C. § 101(51D)(A). Thus, if the Creditors' judgment is contingent or unliquidated or is held by them as affiliates or insiders, Molina qualifies as a Subchapter V small business debtor.

Neither the Bankruptcy Code nor the Bankruptcy Rules "address who carries the burden of proof on a debtor's Subchapter V eligibility when an objection is filed." *In re Carter*, No. 23-54816-JWC, 2023 WL 9103614, at *2 (citing *NetJets Aviation, Inc. v. RS Air, LLC (In re RS Air, LLC)*, 638 B.R. 403, 413 (B.A.P. 9th Cir. 2022)). The Creditors, citing *In re Vertical Mac Construction, LLC*, No. 6:21-BK-01520-LVV, 2021 WL 3668037, at *2 (Bankr. M.D. Fla. July 23, 2021), argue Molina bears the burden (Doc. No. 46 at 3), which Molina does not dispute. The Court agrees Molina must demonstrate eligibility by a preponderance of the evidence.

### C. The Court can look beyond a debtor's schedules when evaluating an objection to Subchapter V eligibility.

A debtor must file bankruptcy schedules under oath, verifying that all information is true and correct. Fed. R. Bankr. P. 1008 ("A petition, list, schedule, statement, and any amendment must be verified or must contain an unsworn declaration under 28 U.S.C. § 1746."). The bankruptcy system counts on, and requires, a debtor's honesty when scheduling assets and liabilities. *In re Chalik*, 748 F.2d 616, 618 (11th Cir. 1984) ("The veracity of the bankrupt's statements is essential to the successful administration of the Bankruptcy Act."). Neither a bankruptcy court nor parties in interest should have to doubt a debtor's candor in scheduling assets and liabilities to such a degree that a deeper dive is merited. This is why most bankruptcy courts conclude they should not look beyond a debtor's schedules when determining whether a debtor is eligible for relief under a particular chapter of the Bankruptcy Code. *In re De La Hoz*, 451 B.R. 192, 197, 201 (Bankr. M.D. Fla. 2011) (recognizing majority view that a bankruptcy court should not look beyond a debtor's schedules to determine eligibility unless it concludes the debtor did not file the schedules in good faith.)

As stated earlier, Molina initially included Lopes's $186,000 claim as an unsecured claim not held by an insider (Doc. No. 1 at 9) but subsequently recast the claim the same as Lopes Law's claim: contingent, unliquidated, and disputed and in an amount "unknown." (Doc. No. 25 at 18-19.) But § 101(51D)(A) limits eligibility based upon what a debtor owes on "the date of the filing of the petition or the date of the order for relief . . . ." 11 U.S.C. § 101(51D)(A). If "it appears to a legal certainty that the claim is not what the debtor reported," *In re De La Hoz*, 451 B.R. at 202, a bankruptcy court can consider other evidence. Here, it appears to a legal certainty that the Creditors' claims are not what Molina reported them to be—the Creditors' objection to eligibility attached the state court's judgment establishing the precise amounts of their claims

7

(Doc. No. 46-1).[8] As such, Molina cannot honestly claim these amounts are unknown. Scheduling these claims as "unknown" when they are certainly known is improper gamesmanship reflecting poorly on Molina's candor.

Molina's characterization of the amounts owed to the Creditors as contingent and unliquidated is also erroneous. "A judgment which establishes monetary liability in favor of a party is noncontingent and liquidated as to the sum owed. The pendency of an appeal does not affect the outcome . . . ." *In re Letterese*, 397 B.R. 507, 514 (Bankr. S.D. Fla. 2008); *In re Cluett*, 90 B.R. 505, 507 (Bankr. M.D. Fla. 1988) ("[T]he judgment . . . clearly represents a liability which is fixed and which is noncontingent and remains a final and enforceable judgment until it is reversed, if ever, upon appeal."); *In re Burdock & Assocs., Inc.*, 662 B.R. 16, 20 (Bankr. M.D. Fla. 2024) (agreeing that "a dispute over liability does not render a debt unliquidated"). Thus, the Creditors' claims are not contingent.

Finally, a debt is not excluded from the debt limit even if it is disputed when the debt is liquidated and not contingent upon any future event. *In re McKenzie Contracting, LLC,* No. 8:24-BK-01255-RCT, 2024 WL 3508375, at *1, n.7 (Bankr. M.D. Fla. July 19, 2024) (citing *In re Heart Heating & Cooling, LLC,* 2024 WL 1228370, at *19 (Bankr. D. Colo. Mar. 21, 2024)); *see also United States v. Verdunn*, 89 F.3d 799 (11th Cir. 1996). The fact that Molina disagrees with the state court's decision is immaterial to the eligibility calculation in this circumstance. In sum, the Court rejects the Debtor's characterization of the Creditors' claims as contingent, unliquidated, and unknown.

---

[8] The amounts are also reflected in the Creditors' proofs of claims, which attach the state court judgment, and are entitled to prima facie validity in the absence of any objection. *In re McKenzie Contracting, LLC*, No. 8:24-BK-01255-RCT, 2024 WL 3508375, at *1 (Bankr. M.D. Fla. July 19, 2024) (citing Fed. R. Bankr. P. 3001(f)).

### D. The Creditors were not affiliates or insiders to Molina on the petition date.

Based on his prepetition business relationships with the Creditors, Molina argues their claims are held by them as "affiliates, statutory insiders, and non-statutory insiders" and must therefore be excluded when calculating his debts to assess whether he exceeds the Subchapter V limit. (Doc. No. 71 at 1.) The term "affiliate" is defined in § 101(2)(A)-(D). Citing § 101(2)(B), Molina claims that, due to his expulsion and disassociation from Imigre Facile under the final judgment, the Creditors qualify as "affiliates" because they now control more than 20% of the voting interests in Imigre Facile. (Doc. No. 71 ¶ 28.)

Section 101(2)(B) defines the term "affiliate" to include:

> a *corporation* 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

11 U.S.C. § 101(2)(B) (emphasis added).

"[S]ection 101(2)(B) is limited to corporations." *In re SemCrude, L.P.*, 436 B.R. 317, 320 (Bankr. D. Del. 2010). Thus, Lopes, an individual, cannot be an affiliate to Molina under § 101(2)(B). Lopes Law is also not an affiliate under § 101(2)(B) because Molina does not control, own, or hold with the power to vote twenty percent or more of Lopes Law's voting securities. As set forth in the reply, Molina does not have any ownership interest in Lopes Law as he is not an attorney. (Doc. No. 81 ¶¶ 14-15.) And that the Creditors now control Imigre Facil due to Molina's expulsion and disassociation from the company is immaterial to the affiliate analysis under § 101(2)(B) because Imigre Facile is not a creditor in this case. Thus, Molina's argument that the Creditors are affiliates pursuant to §101(2)(B) is unavailing.

Molina chiefly focuses on demonstrating that the Creditors are insiders whose claims should be excluded from the Subchapter V eligibility debt calculation. The Bankruptcy Code supplies a definition of insiders and if creditors meet the definition, they are deemed "statutory insiders." *In re Island One, Inc.*, 6:10-BK-16177-KSJ, 2013 WL 652562, at *2 (Bankr. M.D. Fla. Feb. 22, 2013). For individual debtors, § 101(31)(A) defines an "insider" to include the following: "(i) relative of the debtor or of a general partner of the debtor; (ii) partnership in which the debtor is a general partner; (iii) general partner of the debtor; or (iv) corporation of which the debtor is a director, officer, or person in control . . . ." Lopes is not a relative of Molina nor is he a relative of a general partner of Molina's. Lopes Law is not a partnership in which Molina is a general partner, nor are the Creditors general partners of Molina's. Last, Lopes Law is not a corporation of which Molina is a director, officer, or person in control. Accordingly, the Creditors are not statutory insiders to Molina.

Molina, however, also argues the Creditors qualify as non-statutory insiders. Bankruptcy courts may consider whether a creditor is a "non-statutory" insider to a debtor by examining the closeness of the relationship between the parties, whether they operated at arms-length, and whether they could influence or control one or the other to obtain better treatment to the potential detriment of other creditors. *In re J.E.L. Site Dev., Inc.*, 642 B.R. 471, 478–79 (Bankr. M.D. Fla. 2022) (citing *In re Fla. Fund of Coral Gables, Ltd.*, 144 F. App'x 72, 75 (11th Cir. 2005)).

Here, the Court easily concludes the Creditors do not qualify as non-statutory insiders because their relationships with Molina were adversarial on the petition date. In 2023 they sued Molina alleging he failed to act in good faith, unjustly enriched himself at their expense, exploited their proprietary interests and unjustifiably interfered with business relations between Lopes Law and Imigre Facil. Molina and the Creditors litigated these issues with the Creditors,

ultimately prevailing in Molina's expulsion and disassociation from Imigre Facil. This Court granted Molina relief from the automatic stay to pursue an appeal of the judgment, so the battles between the parties continue even after the petition date. These circumstances do not persuade the Court that the parties were operating at anything less than arms-length when the petition was filed. The Creditors may jockey to obtain treatment favorable to Molina's other creditors, but the Court cannot conclude their relationship with Molina would offer them any aid or unfair advantage, nor are Molina's actions towards them consistent with favoritism; indeed, quite the opposite.

The Court does recognize, however, that the parties did once have very close business relationships. While the parties do not agree on certain aspects of those relationships, it is clear they had mutual, intertwined interests for some time. Had Molina filed his Subchapter V case before his relationship with the Creditors soured, perhaps the Court would have reached a different conclusion. But the Court is obliged to accept the facts and circumstances existing at the time eligibility is challenged, and here they do not demonstrate the Creditors were Molina's affiliates, or statutory or non-statutory insiders on the petition date.

Molina fails to demonstrate by a preponderance of the evidence that he qualifies for proceeding under Subchapter V. The state court judgment exceeds the debt limitation for Subchapter V eligibility and is not owed to an affiliate or insider. Thus, the Creditors' objection is sustained.

###

The Clerk is directed to serve a copy of this order on interested parties.